UNITED STATES DISTRICT COURT                                                **C/M**
EASTERN DISTRICT OF NEW YORK
———————————————————X

JEAN CLAUDE AUGUSTE,

                Plaintiff,

          - against -                              MEMORANDUM DECISION
                                                        AND ORDER
HOMES FOR THE HOMELESS; UNITED                          16 Civ. 4776 (BMC)(LB)
SERVICE WORKER'S UNION,

                Defendants.
———————————————————X

COGAN, United States District Judge:

Plaintiff, proceeding *pro se*, commenced this action against his employer, Homes for the

Homeless, and his union. The Court grants plaintiff's request to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint with leave to amend within 20 days.

BACKGROUND

The following facts are taken from the complaint and the appended June 10, 2016[1] Equal

Employment Opportunity Commission ("EEOC") Notice of Right to Sue ("EEOC Right-to-Sue

letter"), the allegations of which are assumed to be true for purposes of this Memorandum and

Order.

Plaintiff was employed at Homes for the Homeless as a porter. His complaint is largely

incomprehensible and, to the degree it is understandable, only contains allegations regarding

disagreements over his work performance and assignments. He describes an incident in 2009

where shoveling snow and mopping made him feel unwell and he went to the doctor; as well as

an undated incident where he was sent back and forth between his employer's locations because,

---

[1] The date on the letter is a very faint date stamp which seems to read June 10, 2016. For purposes of this order, the
Court assumes it states: June 10, 2016, making the filing timely.

plaintiff alleges, defendant was trying to find a reason to fire him. There is no reference to any type of discrimination in the statement of facts. Nor has plaintiff alleged any facts regarding his membership in a protected class or circumstances giving rise to an inference of discrimination

Against his union, he concludes that it "discriminated" against him because three other porters still work, but he was laid off. He does not allege any circumstances giving rise to an inference of discrimination or that his termination was based on his membership in a protected class.

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. Id. In reviewing a *pro se* complaint, the court must be mindful that plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89 (2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff may be suffering from a misunderstanding of his rights under federal law. He has no right under federal law to be treated fairly in the workplace. His employer is free to treat him unfairly, unreasonably, and unwisely. This Court does not supply a grievance process whereby an employee can complain because he would like to be treated better. The only thing that federal law prohibits is discrimination against plaintiff on the basis of immutable characteristics, such as his race, his national origin, his gender, his age, or, additionally, his religion.

Because of this, although the pleading threshold is low, plaintiff has not stated a claim under any conceivable federal statute. Plaintiff filed a charge with the EEOC, received an EEOC Right-to-Sue letter, and checked each of the three types of federal employment discrimination actions offered in the form employment discrimination complaint, that is Title VII, Age Discrimination, and the Americans with Disabilities Act, but he has not alleged any facts to support any federal employment discrimination claim, nor selected from the list on the form complaint any basis on which defendant discriminated against him, *e.g.*, color, race, or age. The complaint is devoid of facts regarding his membership in a protected class or circumstances giving rise to an inference of discrimination. <u>Arista Records LLC v. Doe 3</u>, 604 F.3d 110, 120-21 (2d Cir. 2010) (although <u>Twombly</u> and <u>Iqbal</u> do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible).

The complaint does not have "facial plausibility" because plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. Therefore, plaintiff's employment

discrimination complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Should he wish to pursue such an employment discrimination claim against his employer, plaintiff may submit an amended complaint and provide facts in support of his claim or claims within 20 days. Arista Records LLC, 604 F.3d at 120-21. To aid him in this task, and to provide guidance on what information is needed in order to proceed on an employment discrimination claim, the Clerk of Court is asked to provide a copy of an employment discrimination form complaint to plaintiff with this Order.

Plaintiff has also named his union as a defendant in his employment discrimination complaint. The sum total of his allegations against the United Service Workers Union, however, is that it "did . . . nothing to help me" and "they discriminated against me; that the other three porters "still work" but he was laid off. Plaintiff does not provide a right to sue letter against this defendant and the complaint is devoid of facts regarding his membership in a protected class or circumstances giving rise to an inference of discrimination. Arista Records LLC v. Doe 3, 604 F.3d at 120-21. Thus, the complaint against United Service Workers Local Union is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Should plaintiff have a claim against his union under federal discrimination laws or for a violation of its duty of fair representation he may file an amended complaint within 20 days.

CONCLUSION

The complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is given 20 days leave to file an amended complaint. Should plaintiff have a basis for a claim of employment discrimination or a violation of the duty of fair representation, he should provide facts in support of such claim(s). In addition to the

4

EEOC Right-to-Sue letter, plaintiff may include the charge he filed with the EEOC regarding defendants' allegedly discriminatory conduct.  Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

Plaintiff is advised that the amended complaint will completely replace his first complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.  The Clerk of Court is respectfully requested to provide plaintiff with an employment discrimination complaint form.  No summons shall issue at this time and all further proceedings shall be stayed for 20 days or until further order of the Court.  If plaintiff fails to amend his complaint within 20 days of the date this Order is entered on the docket, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter.  If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

                                      _____

                                               U.S.D.J.


Dated:  Brooklyn, New York
        August 31, 2016